IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ORERY SMITH,

   Petitioner,

v.

WARDEN, WESTERN CORRECTIONAL
INSTITUTION, et al.,

   Respondents.

Civil Action No.:  SAG-21-3308

**MEMORANDUM OPINION**

Self-represented petitioner Orery Smith filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2018 conviction in the Circuit Court for Baltimore City, Maryland for attempted first degree murder, armed robbery, and use of a handgun in the commission of a crime of violence. Smith asserts a single ground of ineffective assistance of counsel. ECF No. 1 at 5. No hearing is necessary.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).  For the reasons that follow, the petition shall be **DENIED**, and a certificate of appealability shall not issue.

   I.    BACKGROUND

      A.    **Procedural Background**

On December 10, 2018, Smith pled guilty in the Circuit Court for Baltimore City of two counts of attempted first degree murder, one count of armed robbery, and one count of use of a handgun in the commission of a crime of violence. ECF No. 7-2 at 18-19. The circuit court

sentenced Smith to life, with all but forty years suspended. *Id.* at 25. Smith did not appeal his conviction or sentence.

On March 22, 2019, Smith filed a *pro se* petition for postconviction relief. ECF No. 7-1 at 18-21. Following a hearing on November 18, 2020 (ECF No. 7-1 at 37, 7-3 at 1-46), the circuit court issued an opinion on February 5, 2021, granting Smith's request to file a belated motion for modification of sentence and denying his petition in all other respects. ECF No. 7-1 at 37-43. The opinion describes the facts as follows:

> On August 19, 2016, Petitioner, Orery Smith, brandished a handgun ordering Robert Herbert and his son to give him the dirt bike that Herbert was loading into his truck. Herbert's son ran inside. Petitioner began shooting as Herbert was unloading the dirt bike. Herbert sustained a gunshot wound to his right torso. Petitioner left with the bike. Herbert and his wife, Nyatiaha Faltz, went in the truck and observed the bike on the ground close to their house. Faltz went to pick up the bike, and Petitioner began firing at her, but she was never struck with a bullet. Petitioner was placed in a photographic array and was identified by Herbert, and his son. DNA evidence was retrieved from the handlebars of the bike, which matched Petitioner's DNA.

*Id.* at 37. Smith filed an application for leave to appeal the denial of his postconviction petition with the Appellate Court of Maryland, which was denied on May 25, 2021. ECF No. 7-1 at 46-47.

On December 22, 2021, Smith filed his Petition in this Court. *See* ECF No. 1.; *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system). Smith asserts one ground for habeas relief: ineffective assistance of counsel for failure to adequately advise Smith of the evidence against him prior to the plea. ECF No. 1 at 6.

## II.     STANDARD OF REVIEW
### A. Procedural Default

A petitioner seeking habeas relief in federal court generally must first exhaust the remedies available in state court.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(c). For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal in non-capital cases, a defendant must assert the claim in an appeal to the Court of Special Appeals of Maryland and then to the Court of Appeals of Maryland by way of a petition for a writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12-201, 12-301. To exhaust a claim through post-conviction proceedings, a defendant must assert the claim in a petition filed in the Circuit Court in which the inmate was convicted within 10 years of the date of sentencing. *See* Md. Code Ann., Crim. Proc. §§ 7-101–7-103. After a decision on a post-conviction petition, further review is available through an application for leave to appeal filed with the Court of Special Appeals. *Id.* § 7-109. If the Court of Special Appeals denies the application, there is no further review available, and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202.

When a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether by failing to raise the claim on direct appeal or in post-conviction proceedings, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note a timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise a claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (per curiam) (failure to raise a claim during post-conviction proceedings). A procedural default occurs when a habeas petitioner fails to exhaust such available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (quoting *Coleman*, 501 U.S. at 735 n.1). Maryland law does not

permit a second and successive state petition for post-conviction relief. *See* Md. Code Ann., Crim. Proc. § 7-103(a).

Respondents argue that Smith did not exhaust his claim for ineffective assistance of trial counsel because his application for leave to appeal to the Appellate Court of Maryland did not adequately explain the reasons the circuit court's judgment should be reversed. ECF No. 7 at 17-21. The Court disagrees. The record reflects that Smith listed his claim for ineffective assistance of trial counsel in his application for leave to the Appellate Court of Maryland, placing the appeals court on notice of the nature of his claim. ECF No. 7-1 at 44-45. Indeed, the Appellate Court of Maryland summarily denied leave without any comment about the adequacy of the application. ECF No. 7-1 at 46-47. *See Gordon v. Braxton*, 780 F.3d 196, 201 (4th Cir. 2015) ("A habeas petitioner meets the exhaustion requirement by 'fairly present[ing]' his claim in each appropriate state court ..., thereby alerting that court to the federal nature of the claim").

The Court concludes that Smith's ineffective assistance of counsel claim was fairly presented to the circuit court and to the Appellate Court of Maryland, is exhausted, is not procedurally defaulted, and will be addressed on the merits.

**B. 28 U.S.C. § 2254**

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute at 28 U.S.C. § 2254(d) sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). The standard is "difficult to meet" and requires courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also White v Woodall*, 572 U.S.415, 419-20 (2014) (quoting *Harrington v. Richter*, 562 U.S.

86, 103 (2011) (state prisoner must show state court ruling on claim presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.")).  Absent a violation of constitutional rights or federal law, a federal habeas petitioner fails to state a cognizable claim for relief.  *See Wilson v. Corcoran*, 562 U.S. 1, 1 (2011) (holding that courts may not issue writs of habeas corpus to prisoners whose confinement does not violate federal law); *Spencer v. Murray*, 18 F.3d 267 239-40 (4th Cir. 1995) (holding that, where petitioner alleged error in admissibility of evidence, without reference to any constitutional right infringed, petitioner failed to state a claim).

### III.    DISCUSSION

Smith contends that his trial counsel was ineffective because he failed to allow him to adequately review the state's evidence before the plea agreement was entered. Smith also contends that his trial counsel's health affected his performance.[1] During his post-conviction proceedings, the circuit court concluded that trial counsel was not ineffective. Citing trial counsel's hearing testimony, the circuit court found that the plea was a knowing and intelligent choice made by Smith to avoid the risk of a harsher sentence. ECF No. 7-1 at 41-43.

"The two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel…. The… 'prejudice,' requirement…focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985). This inquiry should

---

[1] Smith makes a passing reference in his Petition to the fact that his counsel failed to explain the elements of the offenses. ECF No. 1 at 8. The Court does not construe this as a separate claim. To the extent Smith intended it to be a separate claim for relief, it is without merit. The record reflects that the trial judge explained the elements of every offense during the guilty plea hearing. ECF No. 7-2 at 18-19.

be conducted "objectively, without regard for the 'idiosyncrasies of the particular decisionmaker.'" *Id.* at 60 (quoting *Strickland,* 466 U.S. at 695). Thus, a defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky,* 559 U.S. 356 (2010).

The circuit court's rejection of Smith's claim was neither contrary to nor an unreasonable application of federal law. During the postconviction hearing, Smith's trial counsel testified that he could not predict the outcome of the trial because the state had an eyewitness identification and DNA evidence. ECF No. 7-3 at 23. He also testified that the plea offer was "very good" because Smith had additional charges pending in Anne Arundel County that would run concurrently with the Baltimore City charges. *Id.* at 17, 24. Smith's trial counsel acknowledged that he had a stroke during the preparation of the case but denied that it affected his ability to adequately represent Smith. *Id.* at 19-20. When Smith testified during the hearing, he admitted that he knew that the maximum penalty he faced without the plea deal was two consecutive life sentences. *Id.* at 32-33. Smith testified that his counsel advised him to take the plea because the state had substantial evidence against him, and he would receive a life sentence. *Id.* at 31. Smith claimed he only accepted the plea deal because he felt his trial counsel was unprepared.

Considering the strength of the state's case and the potential for two consecutive life sentences, Smith cannot show that his counsel's advice to accept the state's plea deal fell below prevailing professional standards. Smith cannot demonstrate that he would have been better off if had gone to trial. Thus, he cannot show that he would have accepted the plea but for his counsel's alleged errors. Smith has not offered the Court any explanation that would lead to a conclusion that a decision to reject the state's plea would have been objectively reasonable under the circumstances. Smith's sole claim for habeas relief is without merit.

## IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Smith has not made the requisite showing. Accordingly, the Court declines to issue a certificate of appealability. Smith may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

## V. CONCLUSION

For the foregoing reasons, the Court will deny Smith's Petition for Writ of Habeas Corpus and decline to issue a Certificate of Appealability. A separate Order follows.

<u>September 12, 2023</u>                                         <u>         /s/         </u>
Date                                                                              Stephanie A. Gallagher
                                                                              United States District Judge